UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Advanced Auto Transport, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Timothy J. Pawlenty, in his official capacity as Governor of the State of Minnesota; Lori Swanson, in her official capacity as Attorney General of the State of Minnesota; and Dan McElroy, in his official capacity as Commissioner of the Minnesota Department of Employment and Economic Development,<br><br>Defendants. | Civil No. 10-159 (DWF/AJB)<br><br>MEMORANDUM<br>OPINION AND ORDER |

Byran T. Symes, Esq., Seaton, Beck & Peters, P.A., counsel for Plaintiff.

Kelly S. Kemp, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendants.

INTRODUCTION

This matter is before the Court pursuant to Defendants' Motion to Dismiss. For the reasons set forth below, the Court grants Defendants' motion to dismiss claims against Governor Timothy J. Pawlenty and Attorney General Lori Swanson and stays the case for 90 days.

**BACKGROUND**

Plaintiff Advanced Auto Transport, Inc. ("AAT") challenges the constitutionality of a provision of Minnesota Unemployment Insurance Law, Minnesota Statute Section 268.035, subd. 25b.[1] AAT filed suit against Governor Pawlenty, Attorney General Swanson, and Commissioner Dan McElroy[2] in their official capacities (collectively, "Defendants"). AAT alleges that Defendants have enacted and sought to enforce the Statute in violation of the dormant commerce clause, 42 U.S.C. § 1983, the Supremacy Clause, and the preemption clause of the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"). AAT seeks declaratory judgment, injunctive relief, and attorney fees.

AAT specifically alleges that Governor Pawlenty signed the Statute into law,[3] Attorney General Swanson is authorized to represent the Commissioner of DEED in any civil action to enforce the provisions of the Statute, and Commissioner McElroy is responsible for enforcing the Statute. Indeed, AAT alleges that DEED has enforced the statute against AAT through an administrative proceeding before a Minnesota unemployment law judge.

---

[1] AAT refers to the current version of Minn. Stat. § 268.035, subd. 25b, as the "Statute" and the prior version, enacted in 2007, as the "Predecessor Statute." For the sake of simplicity, the Court refers to both versions of Minn. Stat. § 268.035, subd. 25b as the "Statute" in this Order.

[2] Commissioner McElroy is the Commissioner of the Minnesota Department of Employment and Economic Development ("DEED").

[3] Although not specifically alleged in its Complaint, AAT also argues in its Response that Governor Pawlenty has a general authority to enforce state law.

The Statute defines whether operators[4] of motor vehicles used in the trucking industry are employees or independent contractors for the purpose of Minnesota Unemployment Insurance Law. Employers must report wages and pay unemployment insurance taxes for employees. Under the Statute, operators of motor vehicles are employees unless they own or lease the vehicles.[5]

AAT is principally engaged in the "driveaway" transportation business, transporting motor vehicles for compensation, from sellers to purchasers. Neither AAT, nor the drivers it hires, own or lease the vehicles. AAT complains that the Statute requires AAT to treat its drivers as employees, placing AAT at a competitive disadvantage compared to transporters doing business in other states and forcing AAT out of business.

AAT is also a party to state court proceedings regarding the Statute. *Advanced Auto Transp. Inc. v. Lisa Williams and Dep't of Employment and Econ. Dev.*, No. A10-144 (Minn. Ct. App. filed Jan. 25, 2010). The state law case began in June 2009, when a former AAT driver filed for unemployment insurance benefits. DEED determined that the driver was an employee and therefore eligible for unemployment insurance. AAT appealed DEED's determination to Unemployment Law Judge William Dixon. Judge Dixon also concluded that the driver was an employee for unemployment purposes,

---

[4] The Predecessor Statute uses the term "owner-operators," but this distinction does not affect the Court's analysis of the matters currently before it.

[5] To be an independent contractor under the Statute, additional criteria must be met. For example, the individual must be responsible for the maintenance and operating costs of the vehicle and paid for work performed rather than time spent.

subjecting AAT to back taxes, penalties, and interest. On reconsideration, Judge Dixon affirmed his holding. AAT has appealed Judge Dixon's decision to the Minnesota Court of Appeals.

Governor Pawlenty and Attorney General Swanson move to dismiss the claims against them with prejudice because the Complaint fails to state a claim against them upon which relief may be granted because they have no authority to enforce the statute. Commissioner McElroy moves to dismiss the claims against him without prejudice or, in the alternative, moves to stay the proceedings because DEED was involved in the state-court proceedings with AAT when AAT commenced this case in federal court.

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. School District of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]he threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. While recent United States Supreme Court decisions addressing the Rule 12(b)(6) standard might have raised the pleading bar in certain respects, there is no requirement that a plaintiff actually prove the merits of its case in its complaint.

## II. Eleventh Amendment Immunity: Governor Pawlenty and Attorney General Swanson

Governor Pawlenty and Attorney General Swanson contend that AAT's claims against them are barred by the Eleventh Amendment. AAT argues that Governor Pawlenty and Attorney General Swanson are proper defendants because the exception to Eleventh Amendment immunity from *Ex Parte Young* applies. 209 U.S. 123 (1908).

The Eleventh Amendment immunizes states from suits filed against them without their consent. The Supreme Court has construed the Eleventh Amendment, which by its express terms applies only to actions against states by citizens of other states, to also bar

suits in federal court against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Moreover, the immunity afforded a state in federal court extends to agencies of the state. *Florida Dep't of Health & Rehabilitative Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147 (1981). The Eleventh Amendment also bars suits against state officials when "the state is the real, substantial party in interest." *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (*per curiam*).

The Supreme Court has long recognized an exception to Eleventh Amendment immunity permitting suits in federal court against state officials alleged to have violated federal law where the relief sought is only injunctive. *Ex Parte Young*, 209 U.S. 123. "In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of that act. . . ." *Id.* at 157. Moreover, the exception only applies against officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution." *Id.* at 156.

Circuit courts have held that the "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996) (quoting *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 113 (3rd Cir. 1993)); *see also Okpaboli v. Foster*, 244 F.3d 405, 416 (5th Cir.

6

2001); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001). "The mere fact that a governor is under a general duty to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute. Nor is the mere fact that an attorney general has a duty to prosecute all actions in which a state is interested enough to make him a proper defendant in every such action."[6] *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979).

In *Reproductive Health*, the Eighth Circuit acknowledged that statutory authority allowing the Missouri Attorney General to aid prosecutors when so directed by the Governor and to sign indictments when directed to do so by the trial court makes the Attorney General "a *potentially* proper party for injunctive relief" but ultimately found that the district court erred in issuing an injunction against the Attorney General not directed to enforce the statute. *Reprod. Health Servs. of Planned Parenthood of the St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005) (emphasis in original). The Eighth Circuit explained that "extending the grant of preliminary injunctive relief to this defendant in his official capacity looks very much like the impermissible grant of federal court relief against the State of Missouri." *Id.*

---

[6] AAT cites a footnote to the Sixth Circuit case *Allied Artists Picture Corp. v. Rhodes*, 679 F.2d 656, 665 n.5 (6th Cir. 1982), to support its position that a governor can be sued to challenge constitutional rights. (Pl.'s Resp. Br. 17.) The court in *Allied Artists* reasoned that "[w]ere this action unavailable to the plaintiffs, they would be unable to vindicate the alleged infringement of their constitutional rights without first violating an Ohio statute requiring a significant change in their business conduct. Such a result is clearly what the doctrine in Ex Parte Young was in part designed to avoid." *Id.* In this case, however, AAT has opportunity to challenge the Statute through its suits against Commissioner McElroy.

Here, Governor Pawlenty and Attorney General Swanson are immune from this suit under the Eleventh Amendment. AAT alleges that Minnesota law delegates to the Commissioner of DEED the responsibility of enforcing the Statute. (Compl. ¶ 11.) AAT alleges that Governor Pawlenty has a general duty to enforce state law[7] (Pl.'s Resp. Br. 17) and Attorney General Swanson is authorized to represent the Commissioner of DEED in any civil action to enforce the statute.[8] (Compl. ¶ 10); Minn. Stat. § 268.20. AAT does not allege, however, that either Governor Pawlenty or Attorney General Swanson threatened a suit or are about to commence proceedings against AAT. Therefore, the Court grants Defendants' motion to dismiss the claims against Governor Pawlenty and Attorney General Swanson.

### III. *Younger* Abstention: Commissioner McElroy

Defendants assert that the Court should abstain from the exercise of federal jurisdiction under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), because DEED was involved in state-court unemployment proceedings with AAT at the time AAT commenced this case in federal court. In the alternative, Defendants seek a stay of the Court's proceedings pending the outcome of the appeal of the state-court case.

---

[7] AAT also asserts that Governor Pawlenty is a proper defendant because he signed the Statute into law. However, a governor cannot be sued for signing a bill into law under the doctrine of absolute legislative immunity. *Supreme Ct. of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719, 731-34 (1980).

[8] The Court notes that although Lee B. Nelson, Chief Legal Counsel for DEED, normally represents DEED in unemployment insurance matters before the Minnesota Court of Appeals, Kelly S. Kemp of the Minnesota Attorney General's office currently represents Defendants. (Aff. of Bryan T. Symes ("Symes Aff.") ¶ 5, Ex. 4.)

*Younger* is an exception to the usual rule that a federal court's obligation to adjudicate claims within its jurisdiction is "virtually unflagging." *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988); *see Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). A court may only abstain from hearing a case in "extraordinary and narrow circumstances where it would clearly serve an important countervailing interest." *Bilden v. United Equitable Ins. Co.,* 921 F.2d 822, 826 (8th Cir. 1990) (quotation omitted). Moreover, abstention is a matter of discretion and "federal courts are not required to abstain when the criteria of abstention are met." *Bilden,* 921 F.2d at 826. *Younger* abstention is appropriate if (1) there are ongoing state proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Yamaha Motor Corp. U.S.A. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If any of the three prongs is not satisfied, abstaining on the grounds of *Younger* is inappropriate. *See Yamaha Motor Corp.*, 21 F.3d at 798 n.11.

State proceedings must be judicial in nature to satisfy the first prong of the *Middlesex* test. The state administrative proceedings that have been commenced in this case are judicial in nature. *New Orleans Public Serv., Inc. v. Council of City of New Orleans* ("*NOPSI* "), 491 U.S. 350, 369 (1989); *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1143 (8th Cir. 1990). In addition, it is undisputed that the state proceedings are ongoing; AAT has appealed Judge Dixon's December 24, 2009 decision and the matter is

9

pending before the Minnesota Court of Appeals. The first prong of the *Middlesex* test, therefore, is satisfied.

The second prong of the *Middlesex* test is also satisfied. That prong requires that the state interests at issue in the pending state proceedings be significant. *See NOPSI*, 491 U.S. at 365. The state proceedings now under way implicate Minnesota's important state interest in effectuating its employment laws, particularly those relating to the provision of workers compensation insurance and ensuring that any employers provide insurance.

The third prong of the *Middlesex* test requires that there be an adequate opportunity to raise federal issues in the state proceeding.[9] AAT most strongly attacks this prong, asserting that the parties' state appellate proceeding does not afford AAT opportunity to raise its constitutional challenges to the Statute. AAT argues that the Minnesota Court of Appeals may not be able to decide all of the constitutional issues presented in this case because it does not have certiorari review authority to consider newly-raised facts not currently present in the administrative record before it.[10] AAT

---

[9] Under *Middlesex,* 457 U.S. at 436, it is sufficient that a federal challenge may be raised in state court judicial review of the administrative proceeding. Minn. Stat. § 14.69 provides that a court reviewing a final decision in a contested case may review that decision for whether it was in violation of constitutional provisions or was in excess of the statutory authority or jurisdiction of the agency. Minn. Stat. § 14.69(a), (b). Either of these provisions appears to provide a state court with the ability to review a claim of federal pre-emption.

[10] AAT cites Defendants' motion to dismiss to establish that fact discovery will be necessary. "In the instant case, it will be necessary for the parties to conduct discovery regarding details of AAT's business practices, rate structure, and other alleged impacts. . . ." (Pl.'s Resp. Br. 6 n.3 (citing Defs.' Br. Mot. to Dismiss 12).)

may raise its constitutional challenges to the Statute in its appeal to the Minnesota appellate courts. Minn. Stat. § 268.105, subd. 7(d)(1) (allowing parties to raise constitutional issue on appeal). The Minnesota Court of Appeals explicitly stated that it has jurisdiction to resolve the constitutional issues involved in the appeal. (Symes Aff. ¶ 3, Ex. 2 at 2-4.)

AAT also argues that the Court should stay rather than dismiss its claims for attorney fees pursuant to the Supreme Court's holding in *Deakins*. 484 U.S. at 202 (holding that a district court should stay rather than dismiss claims for monetary relief that cannot be redressed in the state court proceeding). Defendants do not respond to this argument. The Court therefore finds that the third prong of *Middlesex* is not met, at least with respect to AAT's claims for attorney fees.

The Court abstains from dismissing the case. Rather, the Court stays the proceedings pending the outcome of the state-court appeal because a stay will allow the state proceeding to go forward without interference from this Court, but will also allow the Court to retain jurisdiction over claims not cognizable in the parallel state proceeding. Specifically, AAT requests attorney fees, which it argues are not recoverable in the state case. The Court also considers AAT's argument that the scope of its constitutional challenges will be restricted to the record in the state court proceeding. Retaining jurisdiction will afford the parties the opportunity to develop a factual record if necessary, but staying the case at this juncture promotes judicial economy and conservation of the parties' resources especially since the parties' dispute may potentially resolve on other grounds in the state court proceeding. The Court will reconsider the stay within three

months, unless the parties stipulate to and the Court approves a different date, and invites the parties to request reconsideration of the stay should the circumstances of the case change in the meantime. The Court respectfully requests that the parties submit a stipulated briefing schedule regarding reconsideration of the stay. If the parties cannot agree on a briefing schedule, the Court directs the parties to inform the Court of that within thirty days of this order.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss (Doc. No. [8]) is **GRANTED** as follows:

    a. All claims against Governor Pawlenty and Attorney General Swanson are **DISMISSED WITH PREJUDICE**.

    b. The claims against Commissioner McElroy are **STAYED FOR 90 DAYS**. The parties are directed to submit a stipulated briefing schedule as described in this Order.

Dated: June 2, 2010　　　　　　　　　　s/Donovan W. Frank
　　　　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　　　　United States District Judge